[Civ. No. 16930. Second Dist., Div. Two. Aug. 23, 1949.]

JOHN H. COPLEY et al., Respondents, v. F. A. PUTTER, Appellant.*

LOIS COPLEY, Respondent, v. F. A. PUTTER, Appellant.

*The court having granted a rehearing of this cause for the purpose of considering other arguments and having concluded that its original opinion is correct, the same is now refiled.

Griffith & Thornburgh for Appellant.

Clarence A. Rogers for Respondents.

MOORE, P. J.—The question for decision is whether the trial court abused its discretion in granting a motion for a new trial against a concurrent tort feasor on the ground that two instructions are contradictory in addition to the fact that a number of instructions effectually directed a verdict for appellant.

The accident occurred on a three-lane public highway while plaintiff Lois Copley was driving in her sedan northwesterly in a lawful manner. While she and her mother were thus proceeding, the car of defendant Martinez traveled southeasterly. As the latter approached Miss Copley he moved diagonally across the middle lane and into that of plaintiffs' vehicle where the two machines collided. While they were approaching the impact defendant Putter's sedanette followed about 100 feet behind Miss Copley. He saw Martinez 300 feet away and witnessed the latter leave the westerly lane and move toward the Copley car. Putter did not attempt to stop until he was about 60 feet from the point of his collision with the sedan. Although he could have come to a standstill within 60 feet, he did not fully apply his brakes until he was within about 15 to 20 feet away. While he was 40 or 50 feet distant from Miss Copley, he was watching the sunset. His collision with the sedan was a sharp blow, about one second after the impact of the other two automobiles. It threw Lois to the pavement causing serious injuries to her and severe shock to her mother from which the latter died. Lois' brother joined her as coplaintiff in the suit to recover for the loss of their mother.

Judgment on verdict in favor of appellant having been entered motion for a new trial was duly presented by re-

456

spondent on the grounds that (a) appellant and Martinez were joint tort feasors; (b) Putter was liable for the entire damage regardless of which defendant caused the damage; (c) the court erred when it instructed the jury that the burden was on plaintiffs to prove which, if any, of the injuries complained of were caused by appellant who asserted at every stage of the trial the exact reverse of respondents' theses and now maintains the same position. In addition he contends that the court was without power to grant the motion for a new trial for the reason that "plaintiffs failed to prove a prima facie case."

Inasmuch as a wide discretion is vested in the trial court to grant a new trial, its order will not be reversed unless a manifest and unmistakable abuse of discretion clearly appears. Since a new trial is properly granted where the jury has been erroneously instructed upon matters of law and since on appeal presumptions favor the order, it will not be set aside if the court's charge is erroneous with respect to substantial issues. (*Mazzotta* v. *Los Angeles Railway Corp.*, 25 Cal.2d 165, 169 [153 P.2d 338].) While section 4½* of article VI of the Constitution is binding upon the trial as well as the reviewing court, yet if an error in the instructions could have been prejudicial, the trial court's decision that the jury may have been misled thereby is final. (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 262 [143 P.2d 929].)

The trial court could not without error have denied the motion. It had instructed the jury in substance as follows: (a) The Copley car suffered two accidents—first its collision with the automobile of Martinez, the second with that of Putter. (b) If you cannot determine from a preponderance of the evidence that the second accident caused some of the injuries complained of you must find for Putter. (c) Even if Putter was negligent and his negligence contributed to the collision of his machine with the Copley car, this is of no consequence unless such collision is shown by the evidence to have inflicted the injuries for which Lois Copley seeks damages. (d) Negligence of Putter is of no consequence in the joint claim for the death of the mother unless it appears from a preponderance of the evidence that such negligence

*This section enjoins appellate courts not to reverse a judgment for misdirection of the jury, unless after examination of the entire record it appears that the error complained of resulted in a miscarriage of justice.

of Putter was a proximate cause of the death. (e) If the negligence of Martinez was the sole proximate cause of his collision with the Copley car, he is liable for all injuries proximately resulting from said collision including all injuries inflicted by the collision of the automobiles of Putter and Miss Copley. (f) If Putter's negligence was the proximate cause of his collision with the Copley car, he is liable only for those injuries which resulted from such collision. Putter is not liable for injuries already suffered by plaintiffs or by decedent to which he did not contribute. (g) The burden is on plaintiffs to prove by a preponderance of the evidence that defendants were or that either defendant was negligent and that such negligence was a proximate cause of the injury.

At the same time the court rejected the following instruction offered by plaintiffs. ''You are instructed that if you find that the accident complained of was proximately caused by concurrent negligence on the part of the defendants, Jesus Martinez and F. A. Putter, then I instruct you that neither defendant can escape liability by claiming that all the injuires were inflicted by the impact with the car of the other defendant, unless such defendant proves by a preponderance of the evidence that no injuries resulted from his negligence.''

■ Not only did the court erroneously declare the law to the jury, but it refused to state to them the law of this state. Where two motorists are traveling upon the same highway and A sees B violate the law by steering his car into that of C which was proceeding in front of A who has time enough but fails to stop his car before reaching that of C and strikes it within a second of B's impact with C, then both A and B are negligent and the burden is cast upon ''each to absolve himself if he can.'' If one of the wrongdoers could escape on the plea that his negligence was independent of that of the other tort feasor, both might leave the victim of their carelessness without a remedy. It would be a frustration of justice for the wronged person to be permitted to show his injury and the simultaneous negligence of the two tort feasors and be required to demonstrate which of the two had caused the damage. The evidence of the true cause is practically accessible to the two actors but inaccessible to the injured party. (*Summers* v. *Tice*, 33 Cal.2d 80, 84, 86 [199 P.2d 1, 5 A.L.R.2d 91] ; see, also, *Ybarra* v. *Spangard*, 25 Cal.2d 486, 490 [154 P.2d 687, 162 A.L.R. 1258].)

Appellant contends that he and Martinez were not joint

tort feasors and therefore the extent of damage caused by him must be clearly established by a preponderance of the evidence. This is not the rule announced under a similar factual situation: the law imposes upon each tort feasor the burden of proving his own innocence or his limited liability. (*Cummings* v. *Kendall,* 41 Cal.App.2d 549, 550, 553, 558 [107 P.2d 282].)

 Aside from the rule of burden of proof the court erred in instructing the jury that "Putter is not liable in damages for any injuries . . . already suffered or sustained by any of the plaintiffs or by the deceased . . . and to which Putter did not contribute." Inconsistent with the foregoing, the court gave also the following instruction at plaintiffs' request: "If you find by a preponderance of the evidence that the defendants were guilty of concurrent negligence, which concurrent negligence combined to proximately cause the injuries to plaintiff, Lois Copley, and the death of Minnie Copley, there is no burden upon plaintiffs to segregate the damage between the defendants."

In view of the importance of the issues the court was warranted in ordering a new trial by reason of the conflict in the instructions as well as the incorrectness of some of them.

Order affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1949.