[Civ. No. 8447. Third Dist. Dec. 14, 1954.]

BIRDIE ROGERS FOSTER, Appellant, v. MARY A. DELGRAVE, Respondent.

J. Oscar Goldstein, P. M. Barceloux, Burton J. Goldstein, and Goldstein, Barceloux & Goldstein for Appellant.

Lamb, Hoge & Killion, J. Hampton Hoge, Jr., and William J. Cassettari for Respondent.

WARNE, J. pro tem.*—This is an appeal from the judgment entered upon a jury's verdict in favor of respondent in a personal injury action in the nature of malpractice of a hospital in the care of a patient.

It is admitted that appellant suffered a second degree burn on her left leg while she was under treatment at respondent's private hospital, which she entered at the request of her personal physician because of an infected toe. Upon her doctor's orders, one of the nurses employed by respondent applied hot compresses to appellant's leg over which was placed an electric heating pad. Appellant's left leg was then extended out over the edge of the bed in an elevated position. It is admitted by respondent that when the packing was removed approximately 48 hours later, it was discovered that appellant had sustained a second degree burn on her leg. The burn healed slowly and she received medication therefor for many months. She still has a small scar on her leg as a result of the burn.

The sole question presented on this appeal is whether or not the trial court committed reversible error in refusing to instruct the jury on the doctrine of res ipsa loquitur as requested by appellant.

While the evidence shows that appellant knew that she was being burned, there is nothing in the record to show that she knew the specific cause thereof.

The heating pad was under the sole control of the respondent, and appellant was entitled to the benefit of an inference of negligence arising from the happening of this unusual accident, because respondent was in a far better position to know what caused the instrument to be dangerous. We therefore conclude that the doctrine of res ipsa loquitur was applicable to the facts of this case, and that the trial court erred in refusing to instruct the jury in that regard. (Manuel v. Pacific Gas & Elec. Co., 134 Cal.App. 512, 517 [25 P.2d 509]; McCullough v. Langer, 23 Cal.App.2d 510, 517-518 [93 P.2d 649]; England v. Hospital of the Good Samaritan, 22 Cal.App.2d 226 [70 P.2d 692]. See also 173 A.L.R. 535, 538 et seq.)

*Assigned by Chairman of Judicial Council.

Respondent argues that the doctrine of res ipsa loquitur is not available when the cause of the accident is known, and not in dispute. In support of respondent's position she cites 38 American Jurisprudence, "Negligence," section 303, *Gorden* v. *Goldberg*, 3 Cal.App.2d 659, 661 [40 P.2d 276], *Keller* v. *Pacific Tel. & Tel.*, 2 Cal.App.2d 513 [38 P.2d 182], and *Dees* v. *Pace*, 118 Cal.App.2d 284 [257 P.2d 756]. It is true that where the specific cause of the accident is known, the doctrine of res ipsa loquitur does not apply; however, in the instant case we have an entirely different situation. As stated above, the specific cause of the burn was unknown to appellant. It may have been that the heating pad was defective or improperly adjusted, or that the compresses had been dipped in some harmful solution, or excessive temperature, or several other causes. These were all matters within the peculiar knowledge of the respondent. Heating pads are now of such general use that one may take notice of the fact that their use is not dangerous when ordinary care is exercised.

Respondent next contends that the complaint alleges negligence specifically, and that such fact precludes the application of the doctrine. The allegation of negligence in appellant's complaint is as follows:

"That . . . the defendants . . . negligently, carelessly and unskillfully applied a heating pad to her said left leg; that although plaintiff protested that she was being burned, the defendants, or one or more of them, negligently, carelessly and unskillfully failed, refused and neglected to remove said heating pad.

"That as the proximate result of the carelessness, negligence and lack of skill of defendants, as aforesaid, plaintiff suffered a severe burn on the calf of her left leg. . . ."

It should be observed that the complaint does not state what specific act of the respondent caused the heating pad to burn her. It merely avers generally that the negligent conduct of the respondent caused the heating pad to burn her. The nature of the acts which caused the heating pad to cause the injury are not even suggested. It may be inferred from the language used that the appellant was ignorant of the specific acts of negligence which caused the injury. The doctrine of res ipsa loquitur is therefore applicable. (*Jianou* v. *Pickwick Stages System*, 111 Cal.App. 754, 757 [296 P. 108]; also see *Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 617-618 [155 P.2d 42], and the many cases cited therein.)

Respondent also argues that the doctrine was not applicable because at the trial defense counsel in his argument to the jury admitted liability for the burn. As we read the evidence in this case, all that respondent's counsel admitted was that the burns were caused by respondent. He uses such phrases as these: "One of the unavoidable accidents that is liable to happen at any time when you put on a heating pad." "We admit the second degree burn there through an unavoidable accident. . . ." "We admit it,—that we put the second degree burn on there." All of the admissions were of the same tenor. It is obvious from the language quoted the respondent did not admit *legal* liability. Had he admitted legal liability, true, there would have been no necessity for any instructions other than those pertaining to the measure of damages to be awarded to appellant, nor does the fact that respondent, before this court, now admits legal liability help or change the situation.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 10, 1955.