[Sac. No. 7412.   In Bank.   Dec. 6, 1962.]

TONY  DAVIS, Plaintiff and Appellant, v. MEMORIAL HOSPITAL, Defendant and Respondent.

Halpin, Halpin & Leep, Jack Halpin and Ben Leep for Plaintiff and Appellant.

Newton & Braun, Glen D. Newton and Grayson Price for Defendant and Respondent.

GIBSON, C. J.—Plaintiff appeals from a judgment entered upon a jury verdict in favor of defendant, contending that the court committed prejudicial error in refusing instructions offered by plaintiff on the doctrine of res ipsa loquitur.

On January 6, 1959, plaintiff entered defendant hospital for a varicose vein operation and was given a presurgical enema by a nurse, who inserted a rubber tube into his rectum. The hospital records do not show which of the nurses gave the enema, and none of those on duty at the time recalled doing so. Plaintiff testified that four attempts were made to insert the tube, that each time he felt a "cutting," "scratching," or "tearing" sensation which was painful, and that his rectum "kept stinging and burning" all night. The varicose vein operation was performed by Dr. James Charles without incident.

Plaintiff went home on January 8, and the next day he experienced great pain in his rectum and consulted Dr. Otho Wood. Plaintiff entered another hospital, and an examination revealed a perirectal abscess, which necessitated several weeks of treatment. Surgery was required later to close a fistula resulting from the abscess.

According to plaintiff, he had no anal pain before entering defendant hospital and had experienced no difficulty with his stools since he was a small boy. He had been given a prostatic massage by Dr. Charles about one week before entering the hospital. At that time his anal canal and rectum were in normal condition.

Dr. Wood testified that 90 per cent or more of all perirectal abscesses result from a bacterial infection, that the mucous membrane, which lines the rectum, prevents such infection, that so far as he knew the only way the infection in plaintiff's rectum could have started would have been from a break in the mucous membrane, and that in his opinion the

insertion of the enema tube caused the break. He stated that a properly given enema is not painful.

There was other expert testimony to the effect that the abscess was not caused by the insertion of an enema tube and that it was probably caused by the passage of a hard stool or the prostatic massage.

Res ipsa loquitur applies where the occurrence of the injury is of such a nature that it can be said, in the light of past experience, that it probably was the result of negligence by someone and that the defendant is probably the person who is responsible. In determining whether such probabilities exist with regard to a particular occurrence, the courts have relied both on common knowledge and on expert testimony. *(Siverson v. Weber,* 57 Cal.2d 834, 836 [22 Cal.Rptr. 337, 372 P.2d 97].) Where the evidence is conflicting or subject to different inferences as to a fact necessary to the applicability of the doctrine, for example, as to whether an accident claimed by the plaintiff happened or whether an injury was caused by the conduct of the defendant rather than by the acts of someone else, the question of fact must be left to the jury under proper instructions. *(Hardin v. San Jose City Lines, Inc.,* 41 Cal. 2d 432, 435-436 [260 P.2d 63]; *Baker v. B. F. Goodrich Co.,* 115 Cal. App. 2d 221, 227-232 [252 P.2d 24].)

Defendant was responsible for giving the enema to plaintiff, and if, as could be found from Dr. Wood's testimony, the insertion of the enema tube was the cause of the abscess, res ipsa loquitur would be applicable. Although there was no expert testimony as to the probability of negligence in such a situation, it is a matter of common knowledge among laymen that the giving of an enema is not ordinarily harmful unless negligently done. (Cf. *Wolfsmith v. Marsh,* 51 Cal.2d 832, 835 [337 P.2d 70] [where the plaintiff developed a thrombosis after an injection of sodium pentathol]; *Bauer v. Otis,* 133 Cal.App.2d 439, 443-444 [284 P.2d 133] [where "wrist drop" was caused by an injection of a "vitamin B complex"]; *Foster v. Delgrave,* 129 Cal. App.2d 525, 526-527 [277 P.2d 408] [where the plaintiff was burned after an electric heating pad was applied over compresses on her leg].) The case of *Siverson v. Weber, supra,* 57 Cal.2d 834, 836-838, is readily distinguishable since it involved a medical matter of far greater complexity than an enema, namely, a hysterectomy, one of the inherent risks of

which, according to all the expert testimony, was the occurrence of a fistula.

The applicability of res ipsa loquitur thus depended on a determination of the factual issue whether the giving of the enema was the cause of plaintiff's injuries. It was for the jury to make that determination from the conflicting testimony. Since there was sufficient evidence to permit a finding for plaintiff on the issue, he was entitled to a conditional instruction making res ipsa loquitur applicable in the event of such a finding.

The trial court gave no instruction on res ipsa loquitur and refused to give the following instructions requested by plaintiff on the subject:

"One of the questions for you to decide in this case is whether the injury involved occurred under the following circumstances: First, that it is the kind of injury which ordinarily does not occur in the absence of someone's negligence; Second, that it was caused by an agency or instrumentality in the exclusive control of the defendant; and Third, that the injury was not due to any voluntary action or contribution on the part of the plaintiff. If, and only in the event that you should find all these conditions to exist, you are instructed as follows:

"From the happening of the accident involved in this case, an inference arises that a proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence and unless there is contrary evidence sufficient to meet or balance it, the jury should find in accordance with the inference.

"When there is any evidence to the contrary, you must weigh all of the evidence bearing upon the issue of defendant's negligence. If the evidence tending to prove that the accident was caused by a failure of the defendant to exercise the care required of him has greater weight than the evidence to the contrary, you will find in favor of the plaintiff on that issue.

"In order to meet or balance the inference of negligence, the defendant must present evidence to show either (1) a satisfactory explanation of the accident, that is, a definite cause for the accident, in which there is no negligence on the part of the defendant, or (2) such care on the defendant's part as leads to the conclusion that the accident did not happen because of want of care by him, but was due to some other cause, although the exact cause may be unknown. If

such evidence has at least as much convincing force as the inference and other evidence, if any, supporting the inference, then you will find against the plaintiff on that issue.''

Obviously the requested instructions would have made res ipsa loquitur applicable solely on a conditional basis; certain findings of fact would have been necessary before the inference afforded by the doctrine could arise, including a finding that the injury to plaintiff ''was caused by an agency or instrumentality in the exclusive control of the defendant.'' These words, although general in character, would have directed the jury to determine whether the giving of the enema was the cause of the abscess since this was the only possible cause mentioned which was attributable to defendant. More specific language in regard to that factual issue would have been desirable, but it is unlikely that the jury would have been misled by the requested instructions, and the trial court did not refuse them because of a lack of specificity but because of its mistaken belief that res ipsa loquitur could not apply under any view of the evidence. It was error to refuse to give the requested instructions, and, in the light of the entire record, the error was prejudicial.

The judgment is reversed.

Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J. concurred.