NED BIALER AND VIVIAN BIALER, APPELLANTS, *v.* ST. MARY'S HOSPITAL, A CORPORATION, RESPONDENT.

No. 5241

May 24, 1967                                  427 P.2d 957

*Lohse and Lohse,* of Reno, for Appellants.

*Goldwater, Taber and Hill,* and *Robert E. Rose,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

An action of malpractice was brought against the hospital as employer of the nurse who gave Vivian Bialer an injection. The facts were agreed upon by the parties.

On February 18, 1963, plaintiff Vivian Bialer submitted to surgery at St. Mary's Hospital in Reno, Nevada. The operation was performed by John P. Sande, M.D. and was known as a gastric resection. Post-operatively, on or about February 19, 1963, Theresa Mann Houston, a registered nurse employed by St. Mary's Hospital, within the scope of her employment, and pursuant to orders of Dr. Sande, gave the plaintiff an intra-muscular or subcutaneous injection in the left buttock.

Immediately after the injection the plaintiff experienced a painful burning reaction at the site of the injection, and thereafter, a hematoma, ecchymosis and sloughing developed at the site of the injection which required medical care and subsequent surgery.

The plaintiff sought to apply the doctrine of res ipsa loquitur to the cause of action. Objection was raised in the form of a motion for summary judgment on behalf of the hospital. The trial court granted the motion, and, from the order which followed, this appeal was brought.

The issue to be decided here is whether the doctrine of res ipsa loquitur is applicable to the circumstances of this case. We hold that it is not and affirm the summary judgment.

For the doctrine of res ipsa loquitur to apply, three conditions must be met: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff. Prosser, Torts (3rd Ed. 1965), § 39, p. 218. Only the first element has any application here. It is our judgment that the administration of hypodermic injections is not a matter of such ordinary experience that it would allow a jury to infer that an injury which results from the giving of a shot could not have occurred but for defendant's negligence.[1]

In those situations where a patient has sustained injury after an injection, courts have usually refused to apply the doctrine of res ipsa loquitur. It clearly does not arise merely because of the fact that the results were not as hoped. Riley v. United States, 248 F.Supp. 95 (D. Md. 1965); Buchanan v. Downing, 394 P.2d 269 (N.M. 1964); cf. Pack v. Nazareth Literary and Benevolent Institute, Inc., dba Memorial Hospital, 362 S.W.2d 816 (Tenn.App. 1962); Tangora v. Matanky, 42 Cal.Rptr. 348 (Cal.App. 1964). Further, it

---

[1]Res ipsa loquitur in malpractice cases has been the subject of many law review articles and case authorities. It is apparent that its evolution requires a determination on a case-by-case basis. Comment in this state may be found in Corn v. French, 71 Nev. 280, 286, 289 P.2d 173 (1955), and in Hospital Association v. Gaffney, 64 Nev. 225, 236, 180 P.2d 594 (1947). Other reference materials: 30 Tenn.L.Rev. 314 (1963); Rossen, Defense Against Res Ipsa in Medical Malpractice, 13 Clev.-Mar.L.Rev. 128 (1964); Comment, The Doctrine of Res Ipsa Loquitur and Its Applicability to Medical Malpractice Suits in Alabama, 15 Ala.L.Rev. 102 (1962); Brophy, Highlights on Res Ipsa Loquitur in Medical Malpractice Cases, 502 Ins.L.J. 645 (1964); Note, The Application of Res Ipsa Loquitur in Medical Malpractice Cases, 60 Nw.U.L.Rev. 852 (1966); 10 Kan.L.Rev. 617 (1962); 35 Temp.L.Q. 221 (1962).

cannot be said that the full spectrum of possible consequences from the giving of a shot are within the layman's common knowledge. At least a minimum showing by expert testimony is required that some variance from the recognized standard of care proximately caused the injury. Buchanan v. Downing, supra.

Unforeseen and undesirable reactions from an injection can result from a number of causes other than negligence; for example, the emotions and allergies of the patient, the manner in which the injection was given (though not amounting to negligence), the internal condition of the patient before or after an operation, and perhaps others. Buchanan v. Downing, supra. Persons administering the injection are not held to a precise determination of these conditions in advance. Fisher v. Wilkinson, 382 S.W.2d 627 (Mo. 1964).

Affirmed.

THOMPSON, C. J., and COLLINS, J., concur.