The JEWISH HOSPITAL ASSOCIATION OF LOUISVILLE, KENTUCKY, INC., Appellant,

v.

Marshall LEWIS, Appellee.

Court of Appeals of Kentucky.

Feb. 28, 1969.

As Modified on Denial of Rehearing June 27, 1969.

Louis N. Garlove, Allan Weiss, Louisville, for appellant.

James Levin, Hanish & Hanish, Louisville, for appellee.

CULLEN, Commissioner.

While Marshall Lewis was a patient in the Jewish Hospital in Louisville an orderly undertook to insert in his penis a Foley catheter for the purpose of draining his bladder. A nurse had reported to Lewis' doctor, by telephone, that Lewis' bladder was distended and the doctor had directed a catheterization. However, Lewis, whose only knowledge of any such direction was through the statement of the orderly that "it is orders," strongly protested the treatment and voiced repeated objections to its being done. Nevertheless the orderly attempted the insertion. During the attempt Lewis encountered severe pain, and when it became apparent to the orderly that the pain was acute he withdrew the catheter. Blood immediately spurted from Lewis' penis and for a number of days thereafter he suffered from extensive bleeding and clotting. Subsequently he developed a urethral infection which was still giving some trouble at the time of trial.

Lewis sued the *hospital* for damages for *negligence*. The case was submitted to a jury which awarded damages of $4,000. Judgment was entered accordingly. The hospital has appealed, asserting as its only ground of error that it was entitled to a directed verdict on the ground of insufficiency of the evidence, because there was no testimony by *medical experts* that the catheterization was performed in a negligent manner.

The appellant hospital relies on the proposition that medical malpractice can be proved *only* by testimony of medical experts, and that the doctrine of res ipsa loquitur is not applicable. It cites Stacy v. Williams, 253 Ky. 353, 69 S.W.2d 697; Harmon v. Rust, Ky., 420 S.W.2d 563; Donoho v. Rawleigh, 230 Ky. 11, 18 S.W. 2d 311, 69 A.L.R. 1135; and Meador v. Arnold, 264 Ky. 378, 94 S.W.2d 626. On the other hand, the appellee maintains that this is not a medical malpractice case but one of negligence of a lay employe of a hospital, in which res ipsa loquitur may be applied. He cites Quillen v. Skaggs, 233 Ky. 171, 25 S.W.2d 33; and Vick v. Methodist Evangelical Hospital, Ky., 408 S.W. 2d 428.

In our opinion it is really immaterial whether this be treated ás a medical malpractice case or one of lay negligence; in either case the question is whether the nature of the event and its consequences are within the scope of common knowledge and experience of laymen to such an extent as to warrant laymen's drawing an inference of negligence from the facts. If so, res ipsa loquitur can be applied, whether it be a medical malpractice case, Jarboe v. Harting, Ky., 397 S.W.2d 775, or one of negligence of a lay employe of a hospital, Quillen v. Skaggs, 233 Ky. 171, 25 S.W.2d 33.

The applicability of res ipsa loquitur in an action against a hospital for injury to a patient is the specific subject of an extensive annotation in 9 A.L.R.3d 1315 to 1366. As pointed out therein, on pages 1330 to 1332, applicability of the doctrine depends in major part on whether the particular injury was of a kind that a jury could find would not usually occur in the absence of negligence.

In the instant case we think that the common knowledge and experience of the jurors was sufficient to warrant an inference by the jury of negligence by the orderly, and to sustain the verdict.

The medical testimony was in accord with such common knowledge. The testimony of the appellee's regular doctor was that the extensive bleeding after the catheterization was unusual. A urologist who had been called in after the bleeding began, testified that in his opinion the bleeding probably was *caused* by the attempted catheterization; and that *ordinarily* such bleeding would not occur as a result of catheterization; but that the bleeding did *not necessarily* indicate that the catheterization was done improperly or negligently. So the medical proof of causation, and that the injury was unusual, was consistent with the inference of negligence based on common knowledge.

As indicated, the jury had before it evidence of an unusual result, with an implied admission by the doctors that there could have been negligence. Supplementing this there was testimony that the catheter was inserted while Lewis was vehemently protesting (from which it might be anticipated that insertion would be difficult); that the catheter was a size 12, which was designated in the hospital's nursing manual as one usually used for women; and that the orderly thought the reason the catheter would not go in was that it was "too large". From all this we think a jury reasonably could infer that the orderly failed to comply with the standard of care required of a person performing this kind of treatment.

In Davis v. Memorial Hospital, 58 Cal.2d 815, 26 Cal.Rptr. 633, 376 P.2d 561, a hospital patient developed a perirectal abscess following administration of an enema in the course of which he felt a cutting, scratching or tearing sensation. There was medical testimony that the insertion of the enema tube caused a break in the mucous membrane, but there was no medical testimony that the enema had been administered negligently. The California court held that the matter was one within the common knowledge of laymen and therefore res ipsa loquitur was applicable. Thus we have direct precedent for our decision in this case.

The judgment is affirmed.

All concur except STEINFELD, J., who did not sit.