Filed 7/22/14  Christensen v. Byrd CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| KARLA K. CHRISTENSEN, Plaintiff and Appellant, v. MATTHEW BYRD et al., Defendants and Respondents. | F066008 (Super. Ct. No. S-1500-CV-268020) **OPINION** |

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Karla K. Christensen, in pro. per.; Law Office of Donald C. Duchow and Donald C. Duchow for Plaintiff and Appellant.

LeBeau - Thelen, Steven Shayer, and Thomas P. Feher for Defendants and Respondents.

-ooOoo-

Plaintiff Karla Christensen appeals from a defense verdict in her personal injury lawsuit, contending the trial court erred by (1) ruling that a California Highway Patrol (CHP) officer could not testify as to his opinion about who was at fault for the

automobile accident and (2) ruling that she could not testify about paid and unpaid medical bills.

We conclude that the trial court correctly applied the provisions of California's Civil Discovery Act when it excluded the CHP officer's opinion testimony because he had not been designated as an expert.[1] Also, any evidentiary error regarding the medical bills would have been harmless because the jury never reached the question of damages.

We therefore affirm the judgment.

## FACTS AND PROCEEDINGS

On July 7, 2007, at approximately 9:00 a.m. on Granite Road in an unincorporated part of Kern County, Christensen was driving southbound in a silver 2004 Dodge Ram pickup truck. At the same time, defendant Matthew Byrd was operating a blue 2005 Chrysler PT Cruiser in the northbound lane. According to the traffic collision report, Byrd allowed his vehicle to travel over the solid double yellow line into the southbound lane as Christensen's vehicle approached and the vehicles collided head-on. After the collision, both drivers were taken to the Kern Medical Center. Christensen suffered serious, permanent injuries.

In June 2009, Christensen filed a complaint against Matthew Byrd. Also named as defendants were Aaron Byrd and Lori Byrd as owners of the vehicle that Matthew Byrd was operating at the time of the accident.

Trial commenced on May 1, 2012 and the jury reached a verdict on the morning of May 3. The verdict form submitted to the jurors contained six questions. The first

---

[1] The provisions of the Civil Discovery Act are set forth in title 4 of part 4 of the Code of Civil Procedure. The Civil Discovery Act is divided into 20 chapters and contains sections 2016.010 through 2036.050. Article 2 of chapter 18 addresses the exchange of information about expert witnesses and Code of Civil Procedure section 2034.300 provides for the exclusion of expert opinions when a party fails to comply with statutory conditions relating to the exchange.

2.

question asked: "Was Matthew Byrd negligent?" The jury answered "No." As instructed by the verdict form, the jury answered none of the remaining questions. The third question in the verdict form had asked: "What are Karla K. Christensen's total damages?"

Judgment was subsequently entered in favor of the defendants. Christensen's motion for a new trial was denied and a timely notice of appeal was filed.

## DISCUSSION

I.  CHP OFFICER'S OPINION TESTIMONY

"[W]e review the trial court's ruling on the admissibility of expert testimony for an abuse of discretion." (*Mateel Environmental Justice Foundation v. Edmund A. Gray Co.* (2003) 115 Cal.App.4th 8, 25.)

Christensen contends that it was error for the trial court to exclude the CHP officer's opinion testimony about who was at fault in the auto accident.

Byrd contends the trial court was required to exclude the opinion testimony under Code of Civil Procedure section 2034.300 because Christensen failed to comply with the requirements regarding the exchange of information about expert witnesses. Code of Civil Procedure section 2034.300 states, in relevant part:

> "[O]n objection of any party who has made a complete and timely compliance with Section 2034.260, the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to do any of the following: [¶] (a) List that witness as an expert under Section 2034.260. [¶] (b) Submit an expert witness declaration. [¶] (c) Produce reports and writings of expert witnesses under Section 2034.270. [¶] (d) Make that expert available for a deposition under Article 3 (commencing with Section 2034.410)."

Byrd timely served a demand for exchange of expert witness information on November 9, 2011. Byrd contends that he timely complied with Code of Civil Procedure section 2034.260 by later serving his own timely designation of expert witnesses. The proof of service for Byrd's designation of expert witnesses indicates it was served by

mail on December 13, 2011. Thus, we conclude that Byrd was a party who made a timely compliance with Code of Civil Procedure section 2034.260.

Byrd also contends he fulfilled the statutory requirement for an objection by filing his motion in limine no. 2, which objected to Christensen offering any expert testimony due to her failure to serve an expert designation. On April 30, 2012 (the day set for trial), the court stated its tentative decision to grant the motion because there was no expert designation by Christensen. We conclude that Byrd's motion in limine constitutes an objection for purposes of Code of Civil Procedure section 2034.300.

As a result of Byrd's timely compliance with the statutory provisions for the demand and exchange of information concerning expert witnesses and his objection to the CHP officer testifying as an expert, we conclude that Byrd demonstrated that the requirements of Code of Civil Procedure section 2034.300 applied to this case.

Under Code of Civil Procedure section 2034.300, where a party has failed to designate an expert when required to do so, the trial court on objection *must exclude* the expert opinion of any witness who was offered by that party. The trial court followed this statutory directive. Christensen's assertion of trial court error (1) does not address this mandatory requirement in the Civil Discovery Act and (2) does not include an argument that one or more of the exceptions set forth in Code of Civil Procedure section 2034.310 should have been applied by the trial court.

Based on our review of the record and the arguments presented on appeal, we conclude the trial court properly applied the statutory provisions concerning the designation of expert witnesses when it excluded the opinion testimony of the CHP officer. Christensen has not affirmatively demonstrated that the trial court erred when it applied the mandatory language of the statute. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [appellant has the burden of affirmatively demonstrating prejudicial error].)

4.

## II.    CHRISTENSEN'S TESTIMONY ABOUT MEDICAL BILLS

Christensen contends the trial court erred by excluding her testimony about the amount of medical bills that she owed and the amount of medical bills that had been paid by insurance providers.  Christensen argues that her testimony about medical expenses should have been allowed pursuant to *Malinson v. Black* (1948) 83 Cal.App.2d 375, a case in which the court stated that a plaintiff's estimate of the expenses he incurred for medical care "would be some evidence of reasonable value."  (*Id.* at p. 379.)

During her testimony at trial, Christensen held a binder that contained copies of her medical records and bills.  Her attorney asked her if those bills had been paid and defense counsel objected, stating lack of foundation and hearsay.  The trial court sustained the objection.  Christensen's attorney also asked her if she had personally paid any medical bills and Christensen testified that she had paid $10,000 worth of bills.  Defense counsel did not object to this testimony.

When an appellant challenges a trial court's evidentiary rulings, the appellant must demonstrate that the ruling was incorrect and, moreover, that the incorrect ruling was prejudicial to the appellant's case.

Article VI, section 13 of the California Constitution provides that "[n]o judgment shall be set aside, or a new trial granted, in any cause, on the ground … of the improper admission or rejection of evidence … unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."  (See Code Civ. Proc., § 475.)

These constitutional requirements are reiterated in Evidence Code section 354, which provides in part:

> "A verdict or finding shall not be set aside, nor shall the judgment or
> decision based thereon be reversed, *by reason of the erroneous exclusion of*
> *evidence* unless the court which passes upon the effect of the error or errors
> is of the opinion that the error or errors complained of resulted in a
> miscarriage of justice and it appears of record that:  [¶]  (a) The substance,
> purpose, and relevance of the excluded evidence was made known to the

court by the questions asked, an offer of proof, or by any other means; ….'" (Italics added.)

The California Supreme Court has interpreted the "miscarriage of justice" phrase as prohibiting a reversal unless there is "a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.)  In this context, a "reasonable probability" does not mean more likely than not, but merely a *reasonable chance*, which is more than an *abstract possibility.*  (*College Hospital Inc. v. Superior Court* (1994) 8 Cal.4th 704, 715.)

In this case, the exclusion of evidence regarding the amount of damages incurred by Christensen, even if erroneous, could not have affected the outcome of the trial because the jury decided that Byrd was not negligent and never reached the third question in the verdict form about damages.  Therefore, the exclusion of evidence about the amount of Christensen's medical expenses was not prejudicial and the verdict and related judgment must stand.  (See *Vahey v. Sacia* (1981) 126 Cal.App.3d 171, 179-180 [purported instructional error regarding damages was not prejudicial because jury found the defendant was not negligent and never reached the issue of damages]; accord, *Thompson v. Keckler* (1964) 228 Cal.App.2d 199, 214.)

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

_____

Franson, J.

WE CONCUR:

_____

Cornell, Acting P.J.

_____

Detjen, J.

6.