Mildred LITTLE, Appellant,

v.

**ARBUCKLE MEMORIAL HOSPITAL BOARD OF CONTROL, Appellee.**

No. 57862.

Court of Appeals of Oklahoma, Division No. 3.

May 10, 1983.

Rehearing Denied May 31, 1983.

Certiorari Denied June 28, 1983.

Released for Publication by Order of Court of Appeals July 1, 1983.

John Sprowls, Pauls Valley, for appellant.

Dale Reneau, Oklahoma City, for appellee.

HUNTER, Judge:

This appeal was brought because the trial court refused to instruct the jury on the statutory presumption of negligence which may arise in a medical malpractice suit under the authority of 76 O.S.1981 § 21. Although the degree of injury appears from

the record before the Court to have been in question, there appears to be no question that appellant Little sustained some injury as a result of an injection of a hypodermic needle into the lower portion of the deltoid muscle of her left arm given by a nurse employed by Arbuckle Memorial Hospital, appellee here, in order to administer the drug Vistaril. The jury ruled against the appellant on her theory of negligence of the appellee. This issue of the trial court's refusal to instruct on the statutory presumption of negligence is the only question raised on appeal.

■ Pursuant to 76 O.S.1981 § 21, which represents a statutory codification of the rule first laid down by the Oklahoma Supreme Court in *St. John's Hospital & School of Nursing v. Chapman*, 434 P.2d 160 (Okl. 1967), that the doctrine of *res ipsa loquitur* is applicable in Oklahoma to medical malpractice cases, in order for a presumption of negligence to arise, the plaintiff must first establish the following three foundation facts:

(1) The plaintiff sustained injury;

(2) Said injury was proximately caused by an instrumentality solely within the control of the defendant or defendants; and

(3) Such injury does not ordinarily occur under the circumstances absent negligence on the part of the defendant.

We note, however, that whereas the doctrine of *res ipsa loquitur* is only a rule of evidence creating a rebuttable inference of negligence, *see Turney v. Anspaugh*, 581 P.2d 1301 (Okl.1978), the statutory provision creates a rebuttable presumption of negligence. We further note that the statute does not incorporate the element of the doctrine of *res ipsa loquitur* that plaintiff must not be in a position to be able to show the particular circumstances which caused the injury. *See, e.g., Flick v. Crouch*, 555 P.2d 1274 (Okl.1976). Had that element been incorporated in the statute, the *Flick* case could have probably been dispositive here because the appellant, although hysterical, and perhaps in a state of shock over her mother's death at the time the injection

was given, consented to the injection and testified at trial that she felt excruciating pain when the needle was inserted into her arm and that it felt as if the needle had struck the bone. Appellant also contended, as a part of her theory of negligence, that negligence occurred because the preferred area for this type of an injection is in the hip. To that extent, the statute somewhat abrogates that element of the *res ipsa loquitur* doctrine in medical malpractice cases.

■ It is the third foundation fact—that being, the injury does not ordinarily occur absent negligence—which is in dispute here. It has been held that in cases such as this, expert testimony is necessary to establish this fact since a layman is not generally qualified to determine the same. *Martin v. Stratton*, 515 P.2d 1366 (Okl.1973); *Bialer v. St. Mary's Hospital*, 83 Nev. 241, 427 P.2d 957 (Nev.1967). Here, both sides presented expert testimony through depositions on this point. Appellant's doctors testified that such an injury as sustained by the appellant from the injection does not normally occur absent negligence, whereas appellee's doctors testified that injuries are a risk of an injection, especially the type given here, and are quite common. Thus, the dispositive question for this appeal is upon whose evidence does the court look to determine whether the foundation facts have been established in order to invoke the presumption of negligence under the statute.

In adopting the rule of *res ipsa loquitur* in medical malpractice cases for Oklahoma, in *St. John's Hospital, supra,* the Oklahoma Supreme Court stated in syllabus 5 and 6:

The rule of *res ipsa loquitur* is a rule of evidence only. The inference of negligence on the part of the defendant, which arises under the rule is rebuttable. It may be overcome by a satisfactory explanation offered by the defendant.

*Ordinarily, the weight of the rebuttal evidence offered by the defendant to overcome the inference of negligence on the part of the defendant which arises under the doctrine of res ipsa loquitur is for the jury. Unless all reasonable minds*

*are bound to reach the same conclusion, it is the jury,* in a jury trial that is to determine whether or not the explanation offered by the defendant is 'satisfactory' enough to overcome the inference of negligence, even though the defendant's evidence be undisputed. [Emphasis added.]

We also note that the instruction for *res ipsa loquitur,* O.U.J.I. Civil No. 9.13, of the Uniform Jury Instructions recently adopted by the Oklahoma Supreme Court, reads that the plaintiff has the burden of proof to establish the foundation facts for the doctrine and that if the jury finds that each foundation fact is probably more true than not true, then the jury is permitted, but not required, to find that the defendant was negligent. *See also, Turney, supra.* Thus, under Oklahoma law, since it is ultimately the jury's determination as to whether the foundation facts have been proven in order for the plaintiff to be entitled to the benefits of the inference and it is also for the jury to determine whether the inference, once established, has been rebutted by the defendant, it follows that the trial judge, in determining whether the plaintiff is entitled to such an instruction as a matter of law, should look only to the plaintiff's evidence.

■ Applying the rule used for the *res ipsa loquitur* doctrine to the statutory presumption created under the authority of 76 O.S.1981 § 21, we find that, based upon the evidence presented by the appellant, the trial court erred in refusing to instruct the jury with regard to the statutory presumption of negligence. It was for the jury to decide whether the defendant's evidence disproved or rebutted the foundation facts necessary for the presumption or the presumption itself.

Neither are we persuaded by appellee's argument that 12 O.S.1981 § 2303(2) required a different result from that which we have rendered. Section 2303 is our evidentiary statute regarding the effect of presumptions in civil cases. Subsection (2) of § 2303, which appellee argues is applicable here, provides that where the basic facts do not have any probative value of the existence of the presumed fact, the presumed fact is disregarded once the party against whom the presumption operates introduces evidence supporting a finding of the nonexistence of the presumed fact and the case is then judged as if no presumption had been operable in the case. We disagree that § 2302(2) is applicable here because we find that the foundation facts necessary to be established for the existence of the presumption are probative of the existence of the presumption of negligence. *See, St. John's Hospital, supra* at 168. *See also* 12 O.S.1981 § 2401 (definition of relevant evidence). The foundation facts necessary for the presumption are the same as the elements of common law negligence, excepting for breach of duty. Subsection (1) of § 2303 provides that where the basic facts are probative of the presumed fact, the presumed fact shall be assumed to exist and the burden of persuading the trier of fact of the nonexistence of the presumed fact rests on the party against whom the presumption operates. Subsection (1), although addressing presumptions, is in accord with the Supreme Court's treatment of the inference of negligence under *res ipsa loquitur* doctrine prior to the advent of the evidence code. *Turney, supra; St. John's Hospital, supra.* Furthermore, the subcommittee's note to § 2303 recites the following:

> Statutory presumptions already created by statute would not be repealed by Section 303 and any special effect to be accorded a particular statutory presumption as mandated in that statute would be given effect. Section 303 would also fill the void as to those statutes which are silent on the effect to be given the presumption and provide guidance for judicially created presumptions.

We are also cognizant of the beginning language of § 2303, which reads: "Except when otherwise provided by law." *See* Subcommittee's Note, 12 O.S.A.1981 § 2303. For these reasons, we find that the statuto-

ry presumption of negligence under 76 O.S. 1981 § 21 should be accorded the same treatment as afforded to the inference of negligence under the *res ipsa loquitur* doctrine announced by the Oklahoma Supreme Court in *Turney* and *St. John's Hospital supra.* We do not believe the evidentiary statute on effect of presumption demands that we conclude differently.

Based upon the foregoing, the judgment rendered herein is reversed and the matter is remanded to the trial court for a new trial in accordance with the views expressed herein.

REVERSED AND REMANDED.

WILSON, P.J., and HOWARD, J., concur.