Daniel HARMON, Jr., etc., Appellant,

v.

Richard J. RUST, M.D., Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1967.

———◆———

Howell W. Vincent, R. Barry Wehrman, Stuard Wegner, Covington, for appellant.

John J. O'Hara, Covington, for appellee.

CULLEN, Commissioner.

In this suit against appellee doctor for damages for alleged malpractice the trial court directed a verdict for the defendant at the close of the plaintiff's evidence. The plaintiff has appealed, contending that his evidence was enough to create a jury issue.

The alleged malpractice was in the treatment of a severe burned condition of the appellant's right leg, which involved transplanting some skin from the left leg. Both legs became infected and for a long period they did not heal.

 Appellant introduced no expert testimony that the appellee in any respect failed to meet the applicable standards of care. In fact, the only expert witness he employed testified that the appellee in every respect conformed to the applicable standards of knowledge, skill, diligence and care. The rule in malpractice cases is that negligence must be established by medical or expert testimony unless the negligence and injurious results are so apparant that laymen

with a general knowledge would have no difficulty in recognizing it. Johnson v. Vaughn, Ky., 370 S.W.2d 591. We do not believe laymen have sufficient general knowledge to "recognize" that infection and slow healing, in treating severe burns and making transplants, are the results of negligence.

Appellant suggests that an *inference* of negligence can be drawn from the fact that the left leg as well as the right leg became infected. However, the rule in this and other jurisdictions is that the presence of infection following an operation or in an area under treatment is not prima facie evidence of negligence (i. e., does not warrant an inference of negligence). See Stacy v. Williams, 253 Ky. 353, 69 S.W.2d 697; Annotation 82 A.L.R.2d 1298.

The judgment is affirmed.

All concur except OSBORNE, J., who did not sit.