**Paul D. ELSWICK, II Plaintiff–Appellant,**

v.

**PIKEVILLE UNITED METHODIST HOSPITAL OF KENTUCKY, INC., dba Pikeville Methodist Hospital, Loren Nichols, M.D. Defendants–Appellees.**

No. 01–5611.

United States Court of Appeals, Sixth Circuit.

Oct. 24, 2002.

Before KENNEDY and MOORE, Circuit Judges, and DOWD, Senior District Judge.*

## OPINION

DOWD, Senior District Judge.

Plaintiff–Appellant, Paul Elswick (hereafter "plaintiff"), filed a state action on June 18, 1999 alleging negligence in connection with knee surgery following an injury in a motor vehicle accident. Elswick claimed that a post-surgery staph infection in the area of his right knee was caused by the negligence of his surgeon, Dr. Loren Nichols, and Pikeville United Methodist Hospital of Kentucky, Inc. ("the Hospital"), where the surgery was performed.[1] Eventually, both Dr. Nichols and the Hospital were granted summary judgment.[2]

Plaintiff advanced the opinions of three experts in an unsuccessful attempt to defeat the summary judgment motions. On appeal, plaintiff contends that the motions should have been denied. Three identified experts on whom plaintiff relied were Donna Adkins, a nurse; Darlene Craig, a nurse and employee of the Commonwealth of Kentucky; and John C. Hyde Ph.D., a specialist in hospital administration.

After the grant of summary judgment, plaintiff moved for reconsideration. The district court gave two reasons for its decision to grant summary judgment: (1) that all three experts were disqualified from testifying "due to disclosure violations which fail to meet the requirements of Fed.R.Civ.P. 26(a)[;]" and (2) that "none of the witnesses are qualified to discuss causation." (J.A. Vol. III at 512a).

We need not reach the issue of a Rule 26(a) violation because the opinions of Craig and Hyde addressed only the issue of negligence, but ignored the issue of causation. While Adkins offered an opinion on causation, she was not qualified to render such an opinion.

---

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

1. In his complaint, Elswick declared that he was a citizen of Kentucky. The action was removed to federal court by the defendants on March 1, 2000, upon their claim that plaintiff was a citizen of Virginia. Plaintiff's subsequent motion for remand was denied on April 25, 2000.

2. Plaintiff's appeal against the surgeon, Dr. Nichols, has been dismissed by agreement of the parties.

The report of Dr. Kennedy, identified as an expert for plaintiff Elswick, was submitted in support of Dr. Nichols' motion for summary judgment. Dr. Kennedy opined that he was unable to find any negligence on the part of Dr. Nichols. Also, in the following passage of his May 10, 1999 written report, Dr. Kennedy discounted the proposition that the staph infection was necessarily a result of the Hospital's negligence:

Dr. Nichols' treatment was completely within the standard of care in my opinion.

More likely than not, the infection was not hospital acquired. The organisms recovered were common contaminants. The infection showed up almost two months after the injury and some months after necrosis was noted.

Administration of antibiotics to cover an open wound showing no clinical infection is a matter of judgement. There are many reasons not to prescribe them under those conditions.

J.A. Vol. II at 283.

Dr. Kennedy subsequently supplemented his May 10, 1999 written report with an additional written report dated January 29, 2001. In that report, Dr. Kennedy reviewed the origin of plaintiff's staph infection in the context of defendant Dr. Nichols' staph infection and offered the opinion that plaintiff was not infected by Dr. Nichols. J.A. Vol. II at 341–342.

In the face of Dr. Kennedy's opinion, plaintiff relied upon the expert reports of Adkins, Craig and Dr. Hyde and argues that Nurse Adkins and Dr. Hyde are qualified to render opinions as to the cause of Elswick's infection and that the district court abused its discretion by excluding these witnesses. Kentucky law requires a medical malpractice plaintiff to prove negligence, including the causation element, by medical or other expert testimony, unless the negligence and resulting injuries are so apparent that the issues fall within the common knowledge of lay jurors. *Harmon v. Rust,* 420 S.W.2d 563, 564 (1967). The admissibility of medical or other expert testimony in federal court turns on whether the proffered witness is qualified as an expert by knowledge, skill, expertise, training, or education. Fed. R.Evid. 702. A proffered witness is qualified to give expert testimony if the witness' qualifications provide a foundation for the witness to answer a specific question. *Berry v. City of Detroit,* 25 F.3d 1342, 1350 (6th Cir.1994). Thus, in this case, in order to admit the testimony of Adkins, Hyde or Craig on the issue of causation, the district court needed to find that each witness' qualifications provided a foundation for the opinion.

The district court's finding that Nurse Adkins, Dr. Hyde, and Nurse Inspector Craig were not qualified to present expert testimony as to the cause of Elswick's knee infection was not clearly erroneous. As the district court noted, in their deposition testimony, both Adkins and Hyde denied having the necessary expertise to give an opinion as to how Elswick contracted his infection. Nurse Adkins testified that she is "not an infectious disease physician" and, therefore, she could not say how Elswick contracted his infection because that required a "medical diagnosis . . . outside my area of expertise." Similarly, Dr. Hyde testified that he could not testify as to the medical cause of Elswick's infection because the question did not fall within his area of expertise. And finally, in regards to Nurse Inspector Craig, the district court observed that Craig did not even attempt to testify as to the cause of Elswick's infection. When asked whether she had an opinion as to how Elswick contracted his infection, Craig responded unequivocally in the negative. Thus, by

their own admissions, Adkins, Hyde, and Craig lacked the necessary foundation to qualify them to render a medical or expert opinion as to the cause of Elswick's knee infection as is required by Kentucky law.

Stated simply, where a hospital patient suffers a staph infection following surgery, even if the fact finder could reasonably find the hospital to have been negligent in the care of that patient such a finding of negligence does not equate with proof that the negligence was a proximate cause of the staph infection and the ensuing suffering.

JUDGMENT AFFIRMED.