RENDERED: JUNE 3, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1425-MR

DENNIS PASTOR,
ADMINISTRATOR OF THE ESTATE
OF LUCY PASTOR, DECEASED                                        APPELLANT

v.
                    APPEAL FROM OLDHAM CIRCUIT COURT
                    HONORABLE KAREN A. CONRAD, JUDGE
                    ACTION NO. 16-CI-00412

PROVIDENCE HEALTHCARE OF
RICHWOOD, LLC D/B/A
RICHWOOD NURSING AND
REHAB; NAIR INTERNAL
MEDICINE, PLLC; AND SURESH
NAIR, M.D.                                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE: Dennis Pastor, as administrator of Lucy Pastor's estate, appeals

the Oldham Circuit Court's October 21, 2020, summary judgment in favor of

Appellees. The estate argues a nurse should not be prohibited from testifying to

medical causation and that a nurse can be as qualified to do so as a physician. This argument misses the mark. As discussed, the trial court granted summary judgment because the estate failed to meet Appellees' summary judgment motion with evidence of its selected expert's ability to establish the standard of care, that such standard was breached, and a causal link between the alleged breach and the claimed injuries. For the following reasons, we affirm.

## BACKGROUND

On September 11, 2015, Lucy Pastor was transported to Providence Healthcare for rehabilitation after a stroke. At the time of admission, Pastor suffered from renal insufficiency. Due to this ailment, she was under the care of several nurses and Dr. Nair.

A week later, Pastor was admitted to Baptist Hospital and eventually transferred to Norton Brownsboro Hospital with renal and respiratory failure. After a lengthy stay, she was transferred to a rehabilitation facility where she remained until she was cleared to return home some months later.

Pastor blamed Providence and Dr. Nair for her renal and respiratory failure and filed a medical negligence action against them. She claimed Dr. Nair deviated from the standard of care, thereby sending her into renal and respiratory failure. Four years later, she passed away from unrelated causes and her estate was substituted as plaintiff in the litigation.

During litigation, the estate filed expert disclosures identifying a nurse, Kathy D. Shireman, as the only expert witness to testify on Pastor's behalf. This prompted Appellees to file motions for summary judgment due to the failure to disclose a qualified expert to offer an opinion as to medical causation. The estate argued Nurse Shireman was qualified to explain the causation and could express her expert opinion based on Pastor's medical and hospital records, Dr. Nair's diagnosis, and the circumstances of her deteriorated health.

On October 15, 2020, the trial court held a hearing on the summary judgment motions. The key ruling from that hearing was that Pastor failed to supply evidence that Nurse Shireman was qualified to render an expert opinion, and the medical records alone were insufficient to establish causation. Therefore, it granted summary judgment in favor of Appellees. This appeal followed.

## STANDARD OF REVIEW

The standards for reviewing a circuit court's entry of summary judgment on appeal are well-established and were concisely summarized by this Court in *Lewis v. B & R Corporation*, 56 S.W.3d 432 (Ky. App. 2001):

> The standard of review on appeal when a trial court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able

to produce evidence at trial warranting a judgment in his favor. The moving party bears the initial burden of showing that no genuine issue of material fact exists, and then the burden shifts to the party opposing summary judgment to present at least some affirmative evidence showing that there is a genuine issue of material fact for trial.

*Id.* at 436 (internal quotation marks, citations, and footnotes omitted). Because summary judgments involve no fact finding, we review the circuit court's decision *de novo*. *3D Enters. Contr. Corp. v. Louisville & Jefferson County Metro. Sewer Dist.*, 174 S.W.3d 440, 445 (Ky. 2005).

## ANALYSIS

"[O]rdinarily expert evidence is necessary to support the conclusion of causation." *Jarboe v. Harting*, 397 S.W.2d 775, 777 (Ky. 1965). But the estate first claims that the medical records themselves supply the necessary proof to allow the case to go to a jury under the doctrine of *res ipsa loquitur*. We disagree.

*Res ipsa loquitur* cases are those in which "the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts." *Adams v. Sietsema*, 533 S.W.3d 172, 179 (Ky. 2017) (quoting *Jarboe*, 397 S.W.2d at 778). "Expert testimony is not required . . . in *res ipsa loquitur* cases, where 'the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it.'" *Id.* (quoting *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010)).

-4-

The estate does not explain to this Court, nor does it appear to have explained to the trial court's satisfaction, how the evidence here fits "the narrow exception[]" of *res ipsa loquitur* jurisprudence. *Blankenship*, 302 S.W.3d at 670. Instead, as it did before the trial court, (Record (R.) 324-331), the estate focuses on the admissibility and authentication of the records. We agree that the *res ipsa loquitur* exception exists and further agree that rules regarding admissibility and authentication are not obstacles to its application. Therefore, of course, the narrow exception to the need for expert testimony can apply in a proper case.

However, the estate told neither the trial court nor this Court how those records, by themselves, carry the day on the issue of standard of care or breach or causation. After examining these medical records, this Court cannot conclude they prove the elements of this claim without expert explanation. The estate needed an expert to explain the records and to testify as to the standard of care, how it was breached, and how that breach caused an injury.

The only remaining hope left for the estate is to persuade us that the trial court abused its discretion in rejecting the estate's proposed expert, Nurse Shireman. Here, too, we see no abuse of discretion in the trial court's decision.

On this point, the estate initially focuses on a legal question: is a nurse categorically unqualified to offer an expert medical opinion concerning a physician's standard of care? The estate finds an analogy in *Savage v. Three*

*Rivers Medical*, 390 S.W.3d 104 (Ky. 2012), where the Kentucky Supreme Court decided a nurse practitioner was qualified to discuss x-rays. The Court said, x-ray technology "may be explained by any person who possesses the requisite scientific knowledge to understand it, and it is not necessary for one to be a physician . . . ." *Id*. at 117. This is a red herring argument that need not be addressed. The trial court did not grant summary judgment because the proffered expert was a nurse.

A careful reading of the judgment shows the trial court held that to survive a summary judgment motion when the defendant asserts there is no qualified expert to prove the case, the plaintiff must respond with no less than a countervailing affidavit of the expert's qualifications in the necessary medical specialty. Said the trial court:

> While Plaintiff contends that Defendant did not take [the] deposition of Nurse Shireman to explore her qualifications to give an opinion on medical negligence and/or medical causation, it is clear that in proffering an expert witness in [the] face of Summary Judgment, at a minimum the expert must supply an affidavit with respect to these qualifications.
>
> The Court does not consider that this has been done and does not find that Nurse Shireman has satisfied at a minimum the ability to present an opinion as an expert as to any alleged medical causation with regard to the nursing home, nor has she presented an affidavit as to her expertise qualifying her to testify as to the medical standard of care and medical causation for the Nair Defendants [Appellees], who practice internal medicine.

(Summary Judgment, R. 396.)

The trial court rejected the estate's protest that *Appellees failed* to pursue sworn testimony of the estate's own expert. In the trial court's view, it was the estate that failed to put into the record the evidence necessary to counter Appellees' claim that there was no qualified expert who would testify to, and therefore no evidence of, the standard of care, breach, or causation. That is also the view of this Court.

"Once a party files a properly supported summary judgment motion, the nonmoving party cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Andrew v. Begley*, 203 S.W.3d 165, 169 (Ky. App. 2006) (citing *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 482 (Ky. 1991)). Appellees' motion for summary judgment claimed there is no evidence the estate could present expert testimony necessary to prove its case. This put upon the estate the onus of providing evidence to the contrary.

"To survive a motion for summary judgment in a medical malpractice case in which a medical expert is required, the plaintiff must produce expert *evidence* or summary judgment is proper." *White v. Norton Healthcare, Inc.*, 435 S.W.3d 68, 76 (Ky. App. 2014) (emphasis added) (citing *Turner v. Reynolds*, 559 S.W.2d 740, 741-42 (Ky. App. 1977)). The estate did not respond to the motion with evidence.

Instead, it first re-presented the trial court with "Plaintiff's Identification of Expert Witness," a document complying with a scheduling order filed nearly two years into the litigation and three months before the summary judgment motion. That document identified Nurse Shireman as an expert and expressed the estate's "anticipat[ion] that Nurse Shireman will testify that [Appellees] deviated from the acceptable standards of care . . . and as a direct result [Lucy Pastor] endured physical and emotional pain and suffering . . . ." (R. 333.) However, anticipation, like "hope or bare belief . . . cannot be made basis for showing that a genuine issue as to a material fact exists." *Neal v. Welker*, 426 S.W.2d 476, 479-80 (Ky. 1968).

The estate also provided a copy of Nurse Shireman's *curriculum vitae* (CV). However, statements in a CV, *unlike* statements in an affidavit or deposition, are not given under oath and penalty of perjury. Both an affidavit and a deposition are designed, by the inclusion of that oath, to provide assurance that the statements therein are true and entitled to a third-party's belief in their veracity. Hence, they constitute evidence.

On the other hand, a bare *curriculum vitae*, like a job applicant's résumé, serves a different purpose. Although every word in a CV may prove to be true when tested, the first test is whether the person described in the CV is willing to swear an oath to its contents.

"[S]ummary judgment is to be awarded to the moving party 'if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' CR 56.03." *Neal*, 426 S.W.2d at 478-79. Depositions, discovery responses, stipulations, admissions, and affidavits are sworn to under oath. Even a verified complaint or answer will bear an oath to its truthfulness. However, without such verification and oath, even "pleadings are not evidence[.]" *Educ. Training Sys., Inc. v. Monroe Guar. Ins. Co.*, 129 S.W.3d 850, 853 (Ky. App. 2003); *see also McAlpin v. American General Life Ins. Co.*, 601 S.W.3d 188, 193 (Ky. App. 2020) ("[A] party responding to a properly supported summary judgment motion cannot merely rest on the allegations in his pleadings.").

No evidence in this record creates a genuine issue regarding the standard of care, whether Appellees breached that standard, or whether any such breach caused the injuries alleged. For this reason, Appellees were entitled to summary judgment. For these reasons, the summary judgment is affirmed.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Lee E. Sitlinger
Louisville, Kentucky

BRIEF FOR APPELLEE
PROVIDENCE HEALTHCARE OF
RICHWOOD, LLC D/B/A
RICHWOOD NURSING AND
REHAB:

Matthew W. Breetz
Bethany A. Breetz
Neil E. Barton
Louisville, Kentucky

BRIEF FOR APPELLEES SURESH
NAIR, M.D. AND NAIR INTERNAL
MEDICINE, PLLC:

Gerald R. Toner
Joshua W. Davis
Nicholas J. Davis
Louisville, Kentucky