RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0139-MR

TAMMY GOFF, INDIVIDUALLY
AND AS ADMINISTRATOR OF THE
ESTATE OF NOAH RUSSELL GOFF                                    APPELLANT


                        APPEAL FROM PIKE CIRCUIT COURT
v.              HONORABLE HOWARD KEITH HALL, JUDGE
                        ACTION NO. 18-CI-00117


PIKEVILLE MEDICAL CENTER,
INC. AND DR. ART GEORGE
ASRIAN, M.D.                                                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE:  Appellant Tammy Goff appeals from the Pike Circuit Court's

summary judgment for Appellees Pikeville Medical Center and Dr. Art George

Asrian, M.D.  Finding no error, we affirm.

## BACKGROUND

Appellant Tammy Goff, Individually and as Administrator of the Estate of Noah Russell Goff, filed suit against Pikeville Medical Center, Inc., and Dr. Art George Asrian alleging medical malpractice and wrongful death. The decedent, Mr. Goff, presented to Pikeville Medical Center with an incarcerated and perforated hernia. Dr. Asrian performed an emergency transverse colon resection with colostomy placement to treat his condition. Following the surgery, he developed sepsis and was transferred to the hospital at the University of Cincinnati, where he died approximately one month later.

Appellant contends Dr. Asrian did not give adequate post-operative care and Pikeville Medical Center staff failed to treat his declining health. Summary judgment for Appellees was granted on January 2, 2024. It is from that order Appellant now appeals.

## ANALYSIS

### I. Appellant did not provide expert testimony sufficient to overcome summary judgment.

An individual bringing a typical medical malpractice case must furnish expert testimony that establishes "(1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. App. 2006). To survive a motion for summary judgment in a medical malpractice case

in which a medical expert is required, the plaintiff must produce expert evidence or summary judgment is proper. *See Turner v. Reynolds*, 559 S.W.2d 740, 741 (Ky. App. 1977).

Appellant supplied expert testimony from one expert, Thomas Esposito, M.D. He testified that Appellees deviated from the standard of care in their post-operative treatment of Mr. Goff, specifically that Mr. Goff did not receive "timely care of his respiratory failure" and "timely treatment of his hypotension." (Deposition of Thomas J. Esposito, M.D., 49:7-10). This opinion was based on Mr. Goff having had a procalcitonin level indicative of severe sepsis and a lactate level and base deficit suggestive of lactic acidosis. The source of this, Dr. Esposito opined, "needs to be aggressively explored" when such a discovery is made. (*Id.*, 49:17-24). This condition could have been discovered and/or monitored more closely had Mr. Goff been placed in the intensive care unit (ICU); failing to place Mr. Goff in the ICU and failing to later transfer him to the ICU constituted a violation of the standard of care. (*Id.*, 48:2-23; 51:5-13).

Appellees concede Dr. Esposito's testimony reflects his opinion that Pikeville Medical Center breached its standard of care. But, as Appellees point out, an opinion regarding the standard of care alone does not meet the necessary threshold to establish a medical malpractice claim. A claimant must also show proximate causation through expert testimony. Appellant did not do this.

When asked about causation, Dr. Esposito responded that "no one will ever know." (*Id.*, 54:6). Similarly, when asked if he could testify to a reasonable degree of medical probability that adhering to the standard of care would have made any difference in the outcome, Dr. Esposito replied, "I would have difficulty doing that, but my point is, that has – the outcome – that's again looking through the, you know, retrospectoscope." (*Id.*, 76:4-10).

Appellees moved for summary judgment based on Appellant's failure to furnish expert testimony proving causation. The court did not err in granting Appellees' motion on this basis because Appellant failed by expert testimony or otherwise to create a genuine issue regarding causation.

## II. Appellant cannot invoke *res ipsa loquitur* to cure her inability to prove causation.

Despite Dr. Esposito's insufficient expert testimony, Appellant contends invoking *res ipsa loquitur* precludes summary judgment.

Kentucky recognizes two exceptions to the expert witness requirement. First, through application of *res ipsa loquitur*, expert testimony is not needed when "any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care[,]" such as a surgeon leaving an instrument in the body or removing or injuring an improper part of the anatomy. *Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky. 1992). The second exception applies when "medical experts may provide

-4-

a sufficient foundation for *res ipsa loquitur* on more complex matters." *Id.* (internal quotation marks and citation omitted). Critically, *res ipsa loquitur* "allows an inference of negligence in certain cases, *not causation*; established causation is a prerequisite to the application of the doctrine." *St. Elizabeth Med. Ctr., Inc. v. Arnsperger*, 686 S.W.3d 132, 139 (Ky. 2024) (emphasis added) (quoting 65A C.J.S. *Negligence* § 821).

Appellant cannot invoke either exception unless and until a showing of proximate cause is made. The doctrine does not serve to cure a claim lacking causation. Because Dr. Esposito did not produce an opinion concerning causation, *res ipsa loquitur* is inapplicable.

Finally, and significantly, "[t]he necessity of expert testimony is an evidentiary question committed to the sound discretion of the trial judge." *Arnsperger*, 686 S.W.3d at 141. We cannot say the trial court abused that discretion.

We affirm the Pike Circuit Court's grant of summary judgment.


ALL CONCUR.

BRIEF FOR APPELLANT:

Glenn M. Hammond
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Stephen Burchett
Lexington, Kentucky